# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ELLEN SHAPIRO,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0073** (BOR Appeal No. 2048518)
                        (Claim No. 2012031391)

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Ellen Shapiro, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kanawha County Board of Education, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 27, 2013, in which the Board affirmed a June 6, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 12, 2012, decision rejecting Ms. Shapiro's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Shapiro worked as an itinerant teacher of the hearing impaired for the Kanawha County Board of Education. Ms. Shapiro had a history of bone problems, including ongoing osteoporosis and a 2009 incident in which she fractured her right femur during a fall. Ms. Shapiro received treatment for this condition and injury from Leah Triplett, D.O., including intravenous infusion of the medication Reclast. Dr. Triplett also ordered a bone densitometry scan which revealed that Ms. Shapiro's bone density was 10% to 25% below normal. Dr. Triplett indicated that she had a moderate risk of fractures.

1

On March 30, 2012, she sustained a fracture of her left femur while walking down a hallway. Upon admission to the Charleston Area Medical Center Emergency Room, she reported to Richard A. Capito, M.D., that her foot caught on the floor, causing her to fall forward. Ms. Shapiro underwent a closed reduction and intramedullary nailing surgery to repair the fracture, and she applied for workers' compensation benefits based on the injury. On April 12, 2012, the claims administrator rejected Ms. Shapiro's application for benefits. The claims administrator stated that the rejection was partially based on surveillance video of the incident which showed that Ms. Shapiro had collapsed rather than slipped and fallen, indicating that the fracture was idiopathic. The surveillance video also did not show any surface hazards or obstructions which had caused her to trip. Following the denial, Anna Allen, M.D., reviewed Ms. Shapiro's records. Dr. Allen believed that her left femur fracture was related to osteoporosis. Dr. Allen also suggested that the fracture was a side effect of long-term use of medication, including Reclast and corticosteroids, which caused her bones to become brittle. On June 6, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Office of Judges' Order on December 27, 2013, leading Ms. Shapiro to appeal.

The Office of Judges concluded that the femur fracture Ms. Shapiro sustained on March 30, 2012, was not a result of her employment. The Office of Judges found that it resulted from pre-existing medical conditions and the use of various medications related to those conditions. It determined that the evidence submitted by Ms. Shapiro showed that she suffered a fracture at work but did not show that it was work related. The Office of Judges also found that there was significant evidence that the medication Ms. Shapiro took caused brittleness of the bones. The Office of Judges pointed out that Ms. Shapiro's account of her injury to the emergency room physicians indicated that her bone fracture preceded and caused her fall. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Shapiro has not demonstrated that she suffered a left femur fracture in the course of and resulting from her employment. Although Ms. Shapiro was at work when she suffered a femur fracture, the evidence in the record shows that the injury was not the result of her employment. The account Ms. Shapiro gave of her injury to Dr. Capito is consistent with a spontaneous femur fracture, which occurred prior to and caused her fall. Ms. Shapiro has a history of significant bone problems which cause loss of bone density. She also has taken medication which the Office of Judges found could cause brittleness of the bones. The Office of Judges relied on sufficient evidence in reaching this conclusion. Ms. Shapiro has also suffered from prior atypical bone fractures, which makes it more likely that her current injury is not work-related.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum